**Frank A. WARREN, Plaintiff–Appellant,**

v.

**Jane/John DOE, Commissioners, et al., Defendants–Appellees.**

No. 01–3262.

United States Court of Appeals, Sixth Circuit.

Jan. 25, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, District Judge.[*]

Frank A. Warren appeals pro se from a district court judgment that dismissed his civil rights action, filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1995, Warren pleaded no contest to one count of kidnapping, a violation of Ohio Rev.Code § 2905.01(A). In exchange, the state agreed to dismiss related charges of rape, felonious assault and felonious sexual penetration. Warren was sentenced to a term of three to fifteen years of imprisonment, and that sentence was affirmed on direct appeal.

Warren filed his current civil rights complaint in 2000, primarily alleging that various state court employees had violated his constitutional rights by failing to provide him with a transcript of his rearraignment. The district court dismissed the case on February 12, 2001. Warren's motion for reconsideration was subsequently denied, and he now appeals.

We review the dismissal of Warren's case de novo. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate because he has not alleged a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

■ Warren now argues that a constitutional violation was alleged in his complaint. However, it appears that he was provided with some of the transcripts that he sought and that neither the court reporter nor the trial court had retained the audio recording of his rearraignment. Thus, the district court properly dismissed Warren's case because his allegations involved mere negligence that is not actionable under § 1983. See Ritchie v. Wickstrom, 938 F.2d 689, 692 (6th Cir.1991). Moreover, the court properly noted that many of the defendants were not liable because they had not been directly involved in the alleged violation of his rights. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). It also appears that most if not all of the defendants were protected by judicial, quasi-judicial or prosecutorial immunity. See 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

■ Warren argues that the district court should have allowed him to amend his complaint. However, the court has no discretion to allow the amendment of a complaint before dismissing a case under the Prison Litigation Reform Act. See McGore, 114 F.3d at 612.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

[*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.